**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DAVID LASNICK, Administrator of the Estate of Angelita Quicho Santa Ana, and Enrique Santa Ana** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **JOHN ADAMS MORGAN, BAY ASSOCIATES, LLC, and ROBERT KERCHER, Defendants.** | : | **March 9, 2010** |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1. The plaintiffs, David Lasnick, Esq., as representative of the beneficiaries of Angelita Quicho Santa Ana, and Enrique Santa Ana, bring claims pursuant to the Death on the High Seas Act, 46 U.S.C. §30302, and the Connecticut Wrongful Death Statute, Conn. Gen. Stat. §52-555, and Loss of Consortium Statute, Conn. Gen. Stat. §52-555a, and negligence claims against

## II. PARTIES

2. On or about March 30, 2009, David Lasnick, Esq. was appointed the fiduciary of the Estate of Angelita Quicho Santa Ana. He brings these claims on behalf of her beneficiaries, Enrique Santa Ana, her spouse, and her surviving children, Arvin Quicho and Anthony Lawrence Quicho.

3. The decedent, Angelita Quicho Santa Ana, died on March 10, 2008 at Guadeloupe Hospital in Guadeloupe, in Guadeloupe.

4. At the time of her death, Ms. Santa Ana was a resident of Stamford, Connecticut. She was 50 years old.

5. Enrique Santa Ana is the surviving spouse of Angelita Quicho Santa Ana. At the time of her death, he resided in Stamford, Connecticut. He currently resides in Queens, New York.

6. The defendant John Adams Morgan, is a resident of Stamford, Connecticut.

7. At all relevant times herein, the defendant John Adams Morgan employed Ms. Santa Ana as a housekeeper and cook at his residence on Caritas Island in Stamford, Connecticut.

8. At all relevant times herein, John Adams Morgan employed Mr. Santa Ana as the gardener and maintenance person at his residence on Caritas Island in Stamford, Connecticut.

9. At all relevant times, the defendant Bay Associates, LLC was a Delaware Limited Liability Corporation with its principal place of business in New York, New York.

10. At all times mentioned herein, the defendant Bay Associates LLC was the owner of the Yacht "M/Y Jamaica Bay." The M/Y Jamaica Bay was a 168 foot luxury yacht moored in St. Bart's.

11. On information and belief, Bay Associates is owned and/or controlled by Morgan Joseph and Company, a corporation with its principal place of business in New York. Morgan Joseph and Company, in turn, is owned, and/or controlled by John Adams Morgan.

12. At all relevant times, the defendant Robert Kercher was the Captain of the M/Y Jamaica Bay.

## III. JURISDICTION

13. This Court has jurisdiction over these counts pursuant to 28 U.S.C. §1333 and 46 U.S.C. §30302. The plaintiff also requests that this court exercise supplemental jurisdiction over the plaintiff's state law claims pursuant to Court has jurisdiction over counts six and seven pursuant to 28 U.S.C. §1367.

## IV. VENUE

14. This court has venue over these claims pursuant to 28 U.S.C. §1391(b)(2) and (3).

## V. STATEMENT OF FACTS

15. At some time prior to February 29, 2008, the defendant John Adams Morgan signed a contract with Bay Associates LLC to charter the M/Y Jamaica Bay ("Charter Agreement").

16. At some time prior to February 29, 2008, John Adams Morgan asked Ms. Santa Ana to accompany them on the trip to take care of the children of one of the guests.

17. Under the charter agreement, John Adams Morgan agreed to bear responsibility for the safety of the passengers, including Ms. Santa Ana.

18. Morgan, Ms. Santa Ana and the other passengers flew to St. Bart's on February 29, 2009, where they boarded the yacht.

19. At the time that Ms. Santa Ana left for the trip, she had a scratchy throat and a slight cough.

20. While Mr. Morgan, Ms. Santa Ana and the other passengers were on board the M/Y Jamaica Bay, Ms. Santa Ana became seriously ill with streptococcal pneumonia.

21. Neither Mr. Morgan nor Captain Kercher provided proper medical care for Ms. Santa Ana on board the M/Y Jamaica Bay.

22. Neither Mr. Morgan or Captain Kercher sought immediate medical attention for Ms. Santa Ana, until March 7, 2008, when she was brought to a Medical Clinic on st. Bart's.

23. As a result of the defendant's delay in obtaining proper medical treatment of Ms. Santa Ana, the pneumonia had spread to both of her lungs and had become septic by the time that she was finally brought to the St. Bart's clinic on March 7, 2008.. She had no chance of survival.

24. On March 8, Ms. Santa Ana was air transported to a larger hospital on Martinique. That same day, she was air transported a second time to a hospital in Guadeloupe. Neither Mr. Morgan, Captain Kercher, nor any crew member or guest accompanied after she was hospitalized.

25. On March 8, Mr. Morgan had his secretary call Enrique Santa Ana and make arrangements for him to fly to Guadeloupe to the hospital where his wife had been admitted. Nobody told Mr. Santa Ana about the her life-threatening condition.

26. When Mr. Santa Ana arrived at the hospital in Guadeloupe on March 9, he learned that his wife had suffered septic shock, acute respiratory distress syndrome, and acute renal failure.

27. Ms. Santa Ana died on March 10, 2008.

28. Ms. Santa Ana's illness could have been treated and she could have survived if she had received proper medical treatment in a timely manner.

**COUNT ONE** **(David Lasnick, Administrator of the Estate of Angelita Quicho Santa Ana as to John Adams Morgan - Death on the High Seas Act - 46 U.S. C. §30302 et seq.)**

29. Paragraphs 1 - 27 are incorporated herein as paragraphs 1 - 27 of the First Count.

30. John Adams Morgan, owed a duty of care to Ms. Santa Ana as the "charterer" and owner of the M/Y Jamaica Bay.

31. John Adams Morgan owed a duty of care to Ms. Santa Ana pursuant to Conn. Gen. Stat. §31-49 and §31-370.

32. John Adams Morgan negligently caused the death of Angelita Quicho Santa Ana by:

a. Failing to provide adequate medical treatment for her;

b. Failing to obtain appropriate medical care for her in a timely manner;

c. Failing to take reasonable steps to make sure that the Captain and crew were properly trained to handle emergent medical conditions.

33. As a result of her death, Ms. Santa Ana's beneficiaries have suffered pecuniary loss, including, but not limited to, medical expenses, funeral bills, the expenses of transporting her body to her native country for burial, destruction of her earning capacity and loss of household services.

**COUNT TWO** **(David Lasnick, Administrator of the Estate of Angelita Quicho Santa Ana as to John Adams Morgan - Wrongful Death Pursuant to Conn. Gen. Stat. §52-555)**

34. Paragraphs 1 - 33 are hereby incorporated herein as paragraphs 1 - 3 of Count Two of this complaint.

35. As a result of the defendant's negligence, Ms. Santa Ana has suffered a destruction of her ability to enjoy life's activities.

36. Prior to her death, Ms. Santa Ana, suffered extreme pain, suffering and emotional distress.

**COUNT THREE** **(David Lasnick, Administrator of the Estate of Angelita Quicho Santa Ana, as to John Adams Morgan - Negligence)**

37. Paragraphs 1 - 35 of the Second Count are hereby incorporated as paragraphs 1 - 35 of the Third Count.

38. As a result of the negligence of the defendant John Adams Morgan, Angelita Quicho Santa Ana has suffered extreme pain, suffering and emotional distress.

39. As a result of the negligence of the defendant John Adams Morgan, Angelita Quicho Santa Ana incurred medical expenses.

**COUNT FOUR** **(Enrique Santa Ana, Individually, as to John Adams Morgan - Loss of Consortium pursuant to Conn. Gen. Stat. §52-555a)**

40. Paragraphs 1 - 38 of the Fourth Count are hereby incorporated as paragraphs 1 - 38 of the Fourth Count.

41. As a result of the death of Angelita Quicho Santa Ana, Enrique Santa Ana has lost the comfort, companionship, and society of his spouse.

**COUNT FIVE** **(David Lasnick, Administrator of the Estate of Angelita Quicho Santa Ana as to Bay Associates LLC - Death on the High Seas Act - 46 U.S. C. §30302 et seq.)**

42. Paragraphs 1 - 40 of the Fourth Count are repeated herein as Paragraphs 1 - 40 of this Count.

43. Bay Associates LLC, through its agents, servants, and/or employees, negligently caused the death of Angelita Quicho Santa Ana by:

a. Failing to provide adequate medical treatment for her;

b. Failing to obtain appropriate medical care for her in a timely manner;

c. Failing to take reasonable steps to make sure that the Captain and crew were properly trained to handle emergent medical conditions.

**COUNT SIX** **(David Lasnick, Administrator of the Estate of Angelita Quicho Santa Ana as to Captain Robert Kercher - Death on the High Seas Act - 46 U.S. C. §30302 et seq.)**

44. Paragraphs 1 - 42 of the Fourth Count are repeated herein as Paragraphs 1 - 40 of this Count.

45. Captain Kercher negligently caused the death of Angelita Quicho Santa Ana by:

a. Failing to provide adequate medical treatment for her;

b. Failing to obtain appropriate medical care for her in a timely manner;

c. Failing to take reasonable steps to make sure that the crew were properly trained to handle emergent medical conditions.

## VI. PRAYER FOR RELIEF

Wherefore, the plaintiffs request that the Court:

1. Award pecuniary damages, including, but not limited to, medical expenses, funeral bills, the expenses of transporting her body to her native country for burial, destruction of her earning capacity and loss of household services.

2. Award damages for physical pain, suffering and emotional distress prior to Angelita Quicho Santa Ana's death.

3. Award damages for destruction of ability to enjoy life's activities.

4. Award damages to Enrique Santa Ana for loss of the care, comfort and support of his spouse.

5. Grant such other additional and alternative relief as may appear to this Court to be just and equitable.

THE PLAINTIFFS

BY: Lewis H. Chimes / RAR

Lewis H. Chimes (ct07023)
GARRISON, LEVIN-EPSTEIN,
CHIMES, RICHARDSON, &
FITZGERALD, P.C.
405 Orange Street
New Haven, CT 06511
Tel. (203) 777-4425
Fax (203) 776-3965
*lchimes@garrisonlaw.com*

**DEMAND FOR JURY TRIAL**

The plaintiffs demand a jury trial on all claims alleged herein.

Dated on this 9th day of March, 2010 at New Haven, Connecticut,

THE PLAINTIFFS

BY: Lewis H. Chimes /RAR

Lewis H. Chimes (ct07023)
GARRISON, LEVIN-EPSTEIN,
CHIMES, RICHARDSON, &
FITZGERALD, P.C.
405 Orange Street
New Haven, CT 06511
Tel. (203) 777-4425
Fax (203) 776-3965
*lchimes@garrisonlaw.com*